IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 17-15498-HH

OUTOKUMPU STAINLESS USA, LLC,
f.k.a. Thyssenkrupp Stainless USA, LLC,

　　　　　　　　　　　　　　　　　　　　　　　　　Petitioner/Cross-Respondent

versus

NATIONAL LABOR RELATIONS BOARD,

　　　　　　　　　　　　　　　　　　　　　　　　　Respondent/Cross-Petitioner.

Petition for Review of a Decision of the
National Labor Relations Board

Before: WILSON, JILL PRYOR, and TALLMAN,* Circuit Judges.

BY THE COURT:

　　Before the Court is the "Petition of the National Labor Relations Board for Adjudication in Civil Contempt and for Other Civil Relief" (the "Contempt Petition"). Respondent/Cross-Petitioner the National Labor Relations Board (the "NLRB") seeks to have this Court adjudge Petitioner/Cross-Respondent Outokumpu Stainless USA, LLC (the "Company") to be in civil contempt of this Court's May 13, 2019 judgment granting the NLRB's application for summary enforcement of a final order of the NLRB adjudicating unfair labor practices and denying the Company's petition for review.

　　The Company filed a response and the Court called for the NLRB to file a reply. We have reviewed the papers carefully. Being fully advised, the Court rules as follows:

---

* Honorable Richard C. Tallman, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

The Contempt Petition is GRANTED in that IT IS HEREBY ORDERED THAT:

1. The Company, and its successors and assigns, is adjudged to be in contempt of this Court. To purge the finding that the Company is in civil contempt of this Court, it shall:

2. Within 14 days after the entry of this Order, comply with provisions 2(c) and 2(d) of the September 7, 2017 Decision and Order of the NLRB, which require the Company to:

> 2(c): "post at its Calvert, Alabama facility copies of the notice and the settlement agreement attached hereto and marked as 'Appendix A' and 'Appendix B,' respectively.[1] Copies of the notice, on forms provided by the Regional Director for Region 15, after being signed by the Respondent's authorized representative, shall be posted by the Respondent next to the settlement agreement and maintained (along with the settlement agreement) for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper copies, the notice and the settlement agreement shall be posted on the Respondent's intranet. Reasonable steps shall be taken by the Respondent to ensure that the notice and settlement are not altered, defaced, or covered by any other material."
>
> 2(d): "On the same day that the signed notice and settlement agreement are posted, email the signed notice and settlement agreement to the last known email address of all current employees and former employees employed by the Respondent at its Calvert, Alabama facility at any time since July 1, 2011."

3. Within 21 days after the entry of this Order, the Company must also comply with provision 2(e) of the September 7, 2017 Decision and Order of the NLRB, which requires the Company to "file with the Regional Director for Region 15 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply."

4. Within 22 days after the entry of this Order, the Company must file with this Court written certification that it has fully complied with this Order.

---

[1] [T]he words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

5.      In order to assure compliance, the Company is hereby notified that this Court may impose against the Company a prospective fine of up to $10,000 for each instance of failure to comply with this Judgment of Contempt, and may face a further fine of up to $500 per day for each day the Court finds the violation(s) have continued after expiration of the time periods set forth above in ¶¶ 2–4, with the amount of such fines to be determined by the Court. Such fines may be imposed following a motion by the NLRB to this Court and any appropriate further proceedings the Court deems advisable.

6.      Because the NLRB failed to abide this Court's Order of December 15, 2020, requesting that the NLRB address the legal basis to impose attorneys' fees and costs, the NLRB's request for costs, expenses, and attorneys' fees reasonably incurred in its investigation, preparation, presentation, and final disposition of this proceeding is DENIED as waived.

IT IS SO ORDERED.